In the Matter of the Accounting of FIRST NATIONAL CITY BANK, as Trustee under an Agreement Made by LESLIE E. SPRINGETT, Respondent-Appellant. DAVID M. POTTS et al., as Executors of ADELAIDE V. SPRINGETT, Deceased, Appellants-Respondents; GEORGE B. ROBERTS, as Administrator of the Estate of AMY R. SPRINGETT, Deceased, Respondent-Appellant; VICTOR E. SPRINGETT et al., Respondents-Respondents.—

Concur — Capozzoli, J. P., McGivern and Nunez, JJ.; McNally, J., dissents in part in the following memorandum: In my opinion, this case points up a waste in the administration of trust estates. The fee requested by the guardian ad litem was $12,500. Special Term allowed $8,000 and the majority has reduced the fee to $4,000. This proceeding was brought for the judicial settlement of the trustee's account and for a determination as to the party or parties properly entitled to the trust fund. The ward of the guardian ad litem was made a party to the proceedings since he is a distrubutee of the settlor of the trust, having a possible one-ninth interest in principal. The principal parties in this proceeding were the executors of the will of the settlor's second wife and the committee of the settlor's first wife. The court found that the guardian's ward had no interest in the trust fund. The purported interest of the ward was at all times that of a contingent remainderman which interest was extinguished by this court's

decision. Even if the interest of the guardian's ward had not been extinguished, it would have represented a possible one-ninth interest in a trust fund having a value of $169,425.09 or $18,825. The fee requested, in my judgment, was inordinate, excessive and exorbitant, and as reduced remains too high. The overall services rendered by the guardian ad litem were substantially as follows: There were four examinations before trial in the action to have the 1954 trust declared null and void. The first was the examination of the coexecutors of the settlor's second wife. The guardian ad litem appeared but asked no questions. The second was the examination of one of the cocommittee of the first wife. The guardian ad litem did not appear. The third was the examination of the cocommittees of the first wife. The guardian ad litem did not appear. The fourth was the examination of settlor's broker. The guardian ad litem appeared but asked no questions. The guardian ad litem submitted two short memoranda of law both identical. His interim report consists mainly of quotations from documents in the record. In his affidavit of services dated June 11, 1970, the guardian ad litem admits that he did not keep a record of time spent in rendering the services enumerated, but avers he estimated such time to be "in excess of 730 hours". If the guardian ad litem is to be believed, he spent 18 40-hour weeks in connection with his duties in this case. This number of hours is disproportionate to the services and we are not required to give credence to statements inherently improbable. (*Bottalico* v. *City of New York*, 281 App. Div. 339, 341.) The services of a guardian ad litem should be fixed with due regard to the necessity for the appointment, responsibility, time and attention required in the performance of his duties, the result obtained and the nature and extent of the income and estate involved. (25 Carmody-Wait 2d, New York Practice, § 149:237, p. 226.) A guardian ad litem is not a lawyer with a contingent interest in the estate, nor is he to be treated as a distributee or legatee. Estates should be carefully and conservatively supervised and administered. A fair and reasonable allowance for the services of the special guardian, in my opinion, should not in any event exceed $1,500 which is in keeping with the customary guidelines used by this court in other matters. (See *Matter of Becan*, 26 A D 2d 44.)